UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FAISAL RAHMAN,

       Plaintiff,

       v.

MICHAEL J. BURTON, et al.,

       Defendants.

No. 25 CV 8489

Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

In March 2025, the DuPage County State's Attorney filed a complaint for child support against plaintiff Faisal Rahman. After the judge entered a child support order against him, Rahman filed the present suit challenging conduct arising out of the state proceedings. He brings various § 1983 claims against defendants Judge Michael Burton, Assistant State's Attorney Jessica Patchik, DuPage County, and the Illinois Department of Healthcare and Family Services, as well as fifty unknown individuals. The named defendants move to dismiss through three separate motions, all arguing that this court lacks jurisdiction under Rule 12(b)(1), and, in the alternative, that Rahman has failed to state a claim upon which relief can be granted under Rule 12(b)(6). For the reasons discussed below, defendants' motions to dismiss are granted.

## I.    Legal Standards

Federal Rule of Civil Procedure 12(b)(1) governs dismissals based on a lack of subject-matter jurisdiction. District courts lack jurisdiction to exercise appellate

jurisdiction over state-court judgments. *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 765 (7th Cir. 2024) (en banc), cert. denied, 145 S. Ct. 1167 (2025). Under the *Rooker-Feldman* doctrine, I do not have jurisdiction to hear a claim that seeks to overturn a state-court judgment. *Id.* The plaintiff bears the burden of establishing jurisdiction. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

Federal Rule of Civil Procedure 12(b)(6) governs dismissals based on failure to state a claim upon which relief may be granted. To survive a 12(b)(6) motion, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). In evaluating a complaint's sufficiency, courts "accept as true all well-pled facts and make any reasonable inferences in the non-movant's favor." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022).

## II. Background

### A. Factual Allegations

Plaintiff Faisal Rahman was the subject of a child support enforcement action initiated in the Circuit Court of DuPage County. [1] at 8.[1] He alleges that the

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1]. Federal Rule of Civil Procedure 10(b) requires that a party state its claims in numbered paragraphs. Plaintiff's complaint contains several unnumbered or nonsequential paragraphs. *See, e.g.*, [1] at 1–2, 6–8, 23–30, 55–60. Although I would be within my discretion to strike plaintiff's complaint, pro se complaints are "held to less stringent standards" and I instead cite to plaintiff's complaint by the appropriate page number. *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017).

summons in that case was improperly served by Cook County Child Support Enforcement officers and listed an incorrect address. [1] at 8.

At a hearing in the child support case, plaintiff appeared under special appearance and personally handed a written jurisdictional challenge to defendant Judge Michael Burton, disputing the court's jurisdiction based on lack of service, lack of verified complaint, and absence of lawful authority. [1] at 9. During the hearing, defendant Assistant State's Attorney Jessica Patchik placed a financial affidavit on the table in front of plaintiff. [1] at 15.

The next day, Rahman filed an objection to the hearing and resubmitted his jurisdictional challenge. [1] at 9. He sent additional written objections via certified mail to the DuPage County courthouse, demanding a hearing on threshold jurisdictional objections. [1] at 9.[2]

Plaintiff did not appear at a later hearing as an act of protest and jurisdictional objection. [1] at 10. Judge Burton entered a support order and payment order against Rahman. [1] at 17. The orders included a declaration that the court had jurisdiction of the subject matter. [1] at 17. Plaintiff received an invoice and bill of costs arising from the court proceedings. [1] at 12.

Rahman did not appeal the state-court judgment. About a month after the support order, he filed the present case against Burton, Patchik, DuPage County, and

---

[2] Plaintiff attaches over a dozen exhibits to his complaint as well as to his responses to defendants' motions to dismiss. Under Rule 12(b)(6), federal courts may take judicial notice of matters of public records outside the pleadings. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). This includes state-court records or any fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Houston v. United States*, 638 Fed. App'x 508, 514 (7th Cir. 2016).

the Illinois Department of Healthcare and Family Services. [1]. He alleges that the DuPage County Sheriff's Office executed defective service to the wrong address; Judge Burton entered orders despite unresolved jurisdictional challenges; ASA Patchik continued prosecution after jurisdiction was challenged; DHFS initiated enforcement against Rahman without a verified complaint or consent; the DuPage County Board accepted and distributed federal funds while suppressing records of accountability; and the Illinois Attorney General's Office refused FOIA requests and suppressed exculpatory documents. [1] at 26–27. Rahman brings ten claims for relief under 42 U.S.C. § 1983. [1] at 29–55.

### B. Rule 11 and Local Rule Violations

Federal Rule of Civil Procedure 11(b) states: "By presenting to the court a pleading, written motion, or other paper … an attorney *or unrepresented party* certifies that to the best of [his] knowledge," the claims are warranted by existing law and the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b) (emphasis added). Rule 11 applies to pro se plaintiffs, and filing documents containing citations to nonexistent cases or arguments wholly unsupported by the record violates Rule 11.

In both his complaint and his opposition to defendants' motions to dismiss, Rahman cites cases that do not exist. *See, e.g.*, [38] at 4 (citing a case supposedly called *Swayne* that does not exist at plaintiff's citation), [38] at 51 (citing a case supposedly from the Seventh Circuit Court of Appeals called *Kitchen*, that does not exist at plaintiff's citation).

4

Failure to comply with Rule 11 obligations in the future will result in sanctions, including dismissal of lawsuits, monetary sanctions, and a restriction on filing any new cases with the court. Rahman must not submit any filing to the court that contains false or misrepresented citations (cases that do not exist or cases that do not say what Rahman claims they say), and Rahman cannot repeat the results of computer-assisted research without personally certifying and verifying the truthfulness and accuracy of his briefs.

Defendants also direct my attention to Rahman's violation of Local Rule 7.1, which prescribes a 15-page limit for briefs. [47] at 4. Though I granted defendants' motion to file a brief with excess pages—finding that "a few extra pages" was reasonable—Rahman abused this allowance by filing nearly 200 pages in opposition briefs. Though I decline to strike his briefs for this rule violation, I advise plaintiff to be mindful of the local rules in the future (both with respect to the process for requesting excess pages and the number of pages he asks for).

## III. Analysis

### A. Motions to Dismiss for Lack of Subject-Matter Jurisdiction

#### 1. *Rooker-Feldman Doctrine*

A federal district court lacks jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Gilbank*, 111 F.4th at 766 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine is a limited

doctrine. *Id.* at 765; *id.* at 792–93 (Kirsch, J., concurring in part and dissenting in part) (citing *Exxon Mobil*, 544 U.S. at 291–92).[3] It is applied on a "claim-by-claim" basis. *Id.* at 765.

The *Rooker-Feldman* doctrine has five elements: (1) the federal plaintiff was a state-court loser; (2) the state-court judgment was final before the federal proceedings began; (3) the state-court judgment caused the alleged injury underlying the federal claim; (4) the federal claim asks the federal district court to review and reject the state-court judgment; and (5) the plaintiff did not have a reasonable opportunity to raise his federal issues in the state courts. *Id.* The fourth element requires the federal claim to seek to "undo" or "overturn" the state-court judgment. *Id.* at 791–93 (Kirsch, J., concurring in part and dissenting in part). Claims for damages do not generally "seek to undo any state court judgment." *Id.* at 791–92 ("[A]warding damages usually does not affect a state court judgment not sounding in monetary terms."). Rather, a party who loses in state court may raise "precisely the same legal issues in federal court, so long as the *relief sought* in the federal action would not reverse or undo the *relief granted* by the state court." *Id.* at 794 (quoting *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1239 (10th Cir. 2006) (emphasis in original)).

The relief granted in the state court was an order of child support. Rahman did not appeal the order and filed the instant federal lawsuit. In his federal complaint,

---

[3] This portion of the *Gilbank* opinion is the majority opinion of the en banc Seventh Circuit. A majority of the court joined Parts I, II, III, V, VI, and VIII of Judge Hamilton's opinion. A majority of the court joined Part I of Judge Kirsch's concurrence in part, dissent in part (from which Judge Hamilton dissented in Part IV of his opinion).

Rahman seeks various forms of relief. Among them is his request that this court "[v]acate all child support orders" entered in his state-court proceedings. [1] at 61. *Rooker-Feldman* precludes that relief. But Rahman also seeks damages for the alleged violations of constitutional law. Such relief does not seek to "undo" or "overturn" the state-court order of child support. Because granting damages would not "alter or annul any decision by a state judge," the *Rooker-Feldman* doctrine does not bar jurisdiction over the totality of this case. *Gilman*, 111 F.4th at 791 (Kirsch, J., concurring in part and dissenting in part). I have subject-matter jurisdiction and can consider the merits of the case.

   2.  *Younger Abstention, Domestic Relations Exception, and Comity*

Defendants next argue that even if I have jurisdiction to consider the claims, I should nevertheless decline to hear the claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* generally requires federal courts to "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007). But a federal court may not decline to exercise jurisdiction "simply because a pending state-court proceeding involves the same subject matter." *Peshek v. Johnson*, 111 F.4th 799, 802 (7th Cir. 2024) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). Rather, *Younger* abstention applies only under three "exceptional circumstances": ongoing state criminal prosecutions, certain "civil enforcement proceedings," and pending civil proceedings "in furtherance of the state courts' ability to perform their judicial functions." *Id.* (quoting *Sprint Commc'ns*, 571 U.S. at 78).

Defendants argue that because domestic relations law directly implicates important state interests, *Younger* advises me to abstain from hearing plaintiff's claims. [31] at 6–7. Yet the subject matter of the state-court proceedings is of no consequence where those proceedings are not ongoing. *See, e.g.*, *Forty One News, Inc. v. Lake Cnty.*, 491 F.3d 662, 665–66 (7th Cir. 2007); *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996) (noting that a "paramount concern" in whether to abstain under *Younger* is whether the state proceedings are ongoing). Defendants' *Rooker-Feldman* argument would require me to find that the state-court judgment was final before the federal proceedings began, but their *Younger* argument asks me to determine that the state proceedings are ongoing.

Defendants argue that the initial support order is a final order but proceedings to enforce Rahman's compliance are ongoing and thus subject to *Younger*'s constraints. [30] at 9. In doing so, they point to *Courthouse News Service v. Brown*, 908 F.3d 1063 (7th Cir. 2018), which tracks the Supreme Court's extension of the *Younger* principles in cases where equity, federalism, and comity support abstention. But Rahman's lawsuit does not require a federal court "to undertake the requested supervision of state court operations." *Courthouse News*, 908 F.3d at 1073. As explained above, evaluating Rahman's constitutional claims for monetary damages would neither disrupt the judgment nor the state court's enforcement of the judgment from Rahman's child support case.

Finally, defendants argue that the domestic-relation exception bars my exercise of jurisdiction over Rahman's claims. [31] at 6. This is a narrow exception

that covers issues involving the granting of divorce, decrees of alimony, and child custody orders. *Kowalsi v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018). Rahman's constitutional claims "do not fit the narrow and precise parameters" of this exception "because his complaint does not, at least on its face, request the direct entry of a child custody order." *J.B. v. Woodard*, 997 F.3d 714, 723 (7th Cir. 2021). Like in *J.B.*, Rahman is seeking a judgment "against defendants whose actions allegedly paved the way for the state court's orders," and his claims thus fall outside the scope of the domestic-relations exception. *Id.*

I conclude that abstention principles do not preclude me from exercising jurisdiction over Rahman's constitutional claims for damages. *J.B.* makes clear that even where these abstention doctrines are not a perfect fit, federal courts may nevertheless "decline to exercise jurisdiction where denying a federal forum would clearly serve an important countervailing interest, including regard for federal-state relations." 997 F.3d at 723 (internal quotations omitted). But in *J.B.*, like *Courthouse News*, the relief the plaintiffs sought directly affected the administration of the state courts. *Id.* at 724. Even more, the court specifically instructed readers to "[n]ote the timing." *Id.* at 721. The plaintiff in *J.B.* filed his federal complaint *before* any state court judgment, leaving the court "with the clear and unmistakable impression that he [sought] a favorable federal court judgment … to influence ongoing state court decision making." *Id.* Rahman filed his federal lawsuit after Judge Burton entered the child support order against him, and to the extent his complaint is not attacking that state-court judgment, I have jurisdiction to hear Rahman's claims.

## B. Motions to Dismiss for Failure to State a Claim

Defendants next argue that even if I have subject-matter jurisdiction and can consider the merits of the case, Rahman's complaint nevertheless fails to state a claim upon which relief can be granted.

### 1. Absolute Judicial Immunity

Judges are entitled to absolute immunity for judicial functions. *Martin v. Goldsmith*, 163 F.4th 1046, 1055 (7th Cir. 2025). To determine whether absolute immunity applies, courts apply a "functional approach" that "looks to the nature of the function performed, and not to the identity of the actor who performed it." *Id.* (internal quotations and citations omitted) (cleaned up). Judges are not immune from liability for nonjudicial actions or for actions "taken in the complete absence of all jurisdiction." *Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 824 (7th Cir. 2025) (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)).

Rahman challenges the orders issued by Judge Burton, as well as Burton's adjudication of liability. [1] at 26, 41, 51. These specific acts are functionally related to the general duties performed by a judge and entitle defendant Burton to absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. at 13.

Rahman argues that judicial immunity cannot be resolved at the motion to dismiss phase where he "plausibly alleges that Judge Burton acted in the clear absence of personal jurisdiction" over plaintiff when he entered the child support orders. [43] at 8–9. But the relevant question in assessing judicial immunity is whether Judge Burton's judicial acts were within his subject-matter jurisdiction, i.e.,

10

"the *types of cases* a court is authorized to hear." *Benson v. Safford*, 13 Fed. App'x 405, 407 (7th Cir. 2001). Illinois circuit court judges have jurisdiction over all "justiciable matters." Ill. Const., art. VI, § 9. This includes child support cases. Defendant Burton is entitled to absolute judicial immunity for his judicial acts undertaken in Rahman's child support case.

While judicial officers are not immune from actions for prospective declaratory relief, *see File v. Martin*, 33 F.4th 385, 391 (7th Cir. 2022), § 1983 "curtails the availability of injunctive relief against judicial officers." *Reardon v. Danley*, 74 F.4th 825, 827 (7th Cir. 2023). Rahman concedes this and argues instead that he has alleged "a continuing violation of federal law" such that prospective relief against defendant Burton remains available. [43] at 20. The form of prospective relief that Rahman seeks is monetary damages, but monetary damages are not prospective relief. *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 521 (7th Cir. 2021). Even if they were, Rahman is estopped from pursuing damages by absolute judicial immunity. Defendant Burton's motion to dismiss, [29], is granted.

### 2. Absolute Prosecutorial Immunity

Prosecutors "are absolutely immune from liability in damages on account of their acts in court." *Millspaugh v. Wabash Cnty. Dep't of Pub. Welfare*, 937 F.2d 1172, 1175 (7th Cir. 1991); *see also Shachter v. City of Chicago*, 848 Fed. App'x 208, 209 (7th Cir. 2021) ("Prosecutors have absolute immunity from suits under § 1983 for damages."). For purposes of absolute prosecutorial immunity, prosecution "just

11

means law enforcement by public officers"—this includes civil enforcement of child support. *See Thomas v. City of Peoria*, 580 F.3d 633, 638 (7th Cir. 2009).

As discussed above, Rahman's complaints arise from the judicial proceedings to establish and collect unpaid child support from him. Patchik's actions in such proceedings are entitled to absolute immunity and plaintiff's claims against her must be dismissed. *See, e.g., Moultrie v. Cheesman*, 2022 WL 4131766, at *4 (C.D. Ill. Sept. 12, 2022); *Wilson v. Madigan*, 2014 WL 4555655, at *2 (C.D. Ill. Sept. 15, 2014).

### 3. Section 1983, the Eleventh Amendment, and Monell

Section 1983 provides a civil right of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Every person, who under color of law, subjects any citizen of the United States to said deprivation "shall be liable to the party injured in an action at law." *Id.* The term "person" in the statute does not include states, so there is no cause of action under § 1983 against states. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65–66, 71 (1989). A suit against a state agency or a state official in his or her official is a suit against the state itself. *Id.* at 71. For that reason, there is no cause of action under § 1983 against defendants Department of Healthcare and Family Services, Burton, or Patchik acting in their official capacities.

The Eleventh Amendment similarly "bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Ind. Prot. & Advoc. Servs. v. Ind. Fam. & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010).

12

Defendant DHFS is a state agency. Therefore, Rahman's § 1983 claims against it are also barred by the Eleventh Amendment.

Rahman argues that the *Ex parte Young* exception to the Eleventh Amendment applies to this case. 209 U.S. 123 (1908). *Ex parte Young* and its progeny stand for the proposition that the Eleventh Amendment prohibits relief that is not prospective in nature, such as money damages, but does not prohibit injunctive and declaratory relief. *McDonough Assocs., Inc. v. Grunloh*, 722 F.3d 1043, 1050 (7th Cir. 2013). But as discussed above, Rahman is seeking monetary relief—the form of relief expressly barred by the Eleventh Amendment.

At this point, the only remaining defendant is DuPage County. Plaintiff alleges *Monell* liability against the county. [1] at 44–48. Rahman contends that defendant maintained and perpetuated "unconstitutional practices through its policies, final decisionmakers, and deliberate failure to act in the face of known constitutional violations." [1] at 48. For one, isolated incidents of allegedly unconstitutional conduct are insufficient to establish a widespread practice. *See Palka v. City of Chicago*, 662 F.3d 428, 435 (7th Cir. 2011). Thus, even if Rahman could establish unconstitutional conduct with respect to his own child support case, this would nevertheless fail to satisfy *Monell*. *See Shachter*, 848 Fed. App'x at 210.

Rahman also attempts to allege *Monell* liability against DuPage County by attacking County policies and customs. [1] at 45. But assistant state's attorneys (like Patchik), judges (like Burton), and court clerks are state judicial entities. *See Burger v. Macon Cnty.*, 942 F.3d 372, 376 (7th Cir. 2019). Therefore, the county cannot be

13

"responsible for establishing final policy with respect to the subject matter in question," *id.* (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)), and Rahman's allegations may not "fairly be said to represent" the county's policy, *id.* (quoting *Monell*, 436 U.S. at 694).[4] Count VI is dismissed.

Count VII of the complaint names DuPage County under a respondeat superior theory of liability. [1] at 48–50. But there is no supervisory liability for § 1983 claims. *Jones v. Lake Cnty. Sheriff's Off.*, 154 F.4th 538, 544 (7th Cir. 2025). Count VII is dismissed.

The remaining counts alleged against defendant DuPage County—Counts I through V, VIII, and X—are alleged against all defendants and fail to place the County on notice as to what claims are being made against them. The body of these sections of the complaint do not explain how DuPage County undertook any conduct with regards to the challenged conduct. Ultimately, these counts must be dismissed because they fail to comply with Federal Rule of Civil Procedure 8 by putting defendant on notice as to what claims are advanced against it and what allegations support what claims against the County.

Plaintiff's claims are dismissed with prejudice. Amendment would be futile. The *Rooker-Feldman* doctrine narrows the form of available relief to monetary damages, which Rahman cannot collect from a state entity. Nor can he plead around absolute judicial or prosecutorial immunity. Finally, Rahman has not produced

---

[4] The letter and policy memoranda attached that plaintiff attaches to his complaint similarly cannot be attributed to DuPage County. [5-13]; [5-14].

14

evidence suggesting that he has a viable *Monell* claim against the county. I have the discretion to dismiss with prejudice where a party does not make a showing of how it could cure the defects in the complaint. *Jauquet v. Green Bay Area Cath. Educ., Inc.*, 996 F.3d 802, 812 (7th Cir. 2021).[5]

## IV.  Conclusion

The motions to dismiss, [29], [30], and [31], are granted. The case is dismissed with prejudice. Enter judgment and terminate civil case.

ENTER:

Manish S. Shah
United States District Judge

Date: April 30, 2026

---

[5] Though Rahman requests leave to amend if I "identif[y] any technical pleading deficiencies," *see, e.g.*, [38] at 62–63, I conclude that his complaint cannot be cured with additional facts regarding his § 1983 claims against defendant DuPage County. *See Jauquet*, 996 F.3d at 812. Rahman admits that he was served with a summons and complaint, undermining the viability of a due process claim. *See* [38] at 38–40. Further, § 1983 is predicated on personal responsibility and a "complaint based on a theory of collective responsibility must be dismissed." *Ghelf v. Wheatland*, 132 F.4th 456, 472 (7th Cir. 2025) (quoting *Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)).